# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-771V
Filed: March 22, 2018
UNPUBLISHED

| | |
|---|---|
| TAMMY L. DOUSE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Matthew N. Menzer*, Menzer Law Firm, PLLC, Seattle, WA, for petitioner.
*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered she suffered Guillain-Barré syndrome (GBS) as a result of an influenza (flu) vaccine administered to her on October 3, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 26, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation. On March 22, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $158,801.00, representing compensation for pain and suffering ($150,000.00), past unreimbursable expenses ($2006.00), and lost wages ($6,795.00). Proffer at 2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $158,801.00 in the form of a check payable to petitioner, Tammy L. Douse.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| TAMMY L. DOUSE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 17-771V <br> Chief Special Master Dorsey <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 12, 2017, Tammy Douse ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") caused by an influenza ("flu") vaccine administered on October 3, 2016. Petition at ¶¶ 1. On February 23, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on February 26, 2018. ECF No. 21; ECF No. 22.

**I.      Items of Compensation**

   A.      Pain and Suffering

Respondent proffers that Tammy Douse should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Tammy Douse's expenditure of past unreimbursable expenses as a result of her vaccine injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2006.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Lost Wages

Evidence supplied by petitioner documents that Tammy Douse incurred lost wages and employer retirement contributions related to her vaccine injury. Respondent proffers that petitioner should be awarded lost wages (after an offset for taxes) and retirement contributions in the amount of $6,795.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Tammy Douse should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $158,801.00, representing compensation for pain and suffering ($150,000.00), past unreimbursable expenses ($2006.00), and lost wages ($6,795.00), in the form of a check payable to petitioner, Tammy Douse.

**III.  Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Tammy Douse:                      **$158,801.00**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:     (202) 305-0102

Dated:        March 22, 2018